UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BUI THI BICH HONG; LE DANG ANH TUAN; TA THI KIM OANH; NGUYEN DUNG; NGUYEN NGOC KE; HOANG THU HOAI; HUONG THI VAN NGO; LIEN THI HUYNH LE; KHOI HONG LUONG; DO HUU MINH KHOA; LA LIEN THI KIM; PHAN HOANG TUAN; KHUONG ANH VAN; and TRUONG HOANG THANH TRUC, each a resident of the Socialist Republic of Vietnam and each individually and derivatively;<br><br>Plaintiffs,<br><br>v.<br><br>MISSISSIPPI DEVELOPMENT REGIONAL CENTER, LLC, a Virginia Limited Liability Company; GBR, LP, a Virginia Limited Partnership; RED LEAF DEVELOPMENT, LLC, a Virginia Limited Liability Company; AMERICAN INTERNATIONAL & IMMIGRATION LAW GROUP, PC, d/b/a ROBERT LUBIN & ASSOCIATES, PC, a Virginia Professional Corporation; ROBERT LUBIN, an individual; PAUL RUBY, an individual; and ATLANTIC UNION BANCSHARES CORPORATION, a Virginia Corporation as successor to WashingtonFirst Bancshares Corporation;<br><br>Defendants. | Civil Action No.: 1:25-cv-01216-RDA-WBP<br><br>JURY TRIAL DEMANDED |

## REPLY IN SUPPORT OF MOTION TO DISMISS
## BY DEFENDANT PAUL RUBY

Paul Ruby does not seek dismissal from this case because "he is a peripheral player." (DE 55 at 1.) Peripheral players and central players alike can have liability if a plaintiff pleads and then proves legally viable claims. But nothing of the sort has occurred here. Rather, Plaintiffs have

failed to plead any specific misconduct in which Ruby himself engaged. Rather, employing a pleading style that has been uniformly rejected, Plaintiffs' Complaint lumps Ruby in with Defendant Lubin or the "Lubin Defendants" and generally attributes misconduct across the group. That is, while conceding that Ruby has not worked with Lubin in more than six years, Plaintiffs ask the Court to infer guilt by association, despite the lack of any specific allegation that Ruby himself did anything wrong.

Plaintiffs do not meaningfully challenge the primary point in Ruby's motion—which is that the Complaint itself does not sufficiently and specifically identify the misconduct in which Ruby himself engaged. (*See generally* DE 41-42.) That is, while also joining in the arguments raised for dismissal by the other Defendants, Ruby maintained he was further justified in seeking dismissal because he is mentioned a mere 13 times in the Complaint and "many are in the opening recitals of the Complaint and the boiler-plate allegations of jurisdiction and venue as to the various parties." (DE 42 at 2.) Indeed, one of the few mentions of Ruby in the Complaint is to explicitly say that he left Lubin's employ more than six years before this case was filed.

It is, of course, well established that a complaint "must contain specific allegations against each Defendant in order to put Defendants on adequate notice of the claims against them." *Taylor v. Montgomery Cty.*, 2021 U.S. Dist. LEXIS 163114, *6 (D. Md. Aug. 21, 2021). Consistent with this, a plaintiff is not permitted, as Plaintiffs have done here, to "lump" a group of defendants together without clearly identifying which defendants engaged in which misconduct. *See Haynes v. Equifax*, 2018 U.S. Dist. 159058, *4 (D.S.C. Aug. 21, 2018) (recommending dismissal of complaint where plaintiff had "lumped all three defendants together despite the fact that they are three separate companies, each with its own credit file for the plaintiff. As pleaded, the complaint

fails to provide the individual defendants with fair notice of the claims against them and why they are liable to the plaintiff.")

In response, Plaintiffs do not identify specific allegations against Ruby in the Complaint that he might have overlooked in the initial motion. Rather, they cherry pick a few pages here and there in the voluminous exhibits Plaintiffs have attached to the Complaint to claim that Ruby was "not a mere bystander." (DE 55 at 3.) Setting aside the factual point that these documents do not show Ruby doing anything wrong and merely suggest that he worked for Lubin a long time ago, pointing to the exhibits to save facially deficient claims is not allowed. *See Perry v. Holmes*, 2024 U.S. Dist. LEXIS 207819, *6 (D. Mass. Nov. 15, 2024) ("Information in the exhibits alone is insufficient to state a claim for relief. Although exhibits are allowed, Perry must identify in the body of the pleading the alleged misconduct of each party."); *Jones v. Richmond Cnty. Sheriff Dep't & Wellpath*, 2024 U.S. Dist LEXIS 32612, *3 (S.D. Ga. Feb. 26, 2024) ("While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint.") Ruby cannot, and should not, be expected to respond to documents attached to the Complaint (or small snippets thereof); rather, he is entitled to the opportunity to respond to specific, direct allegations in a pleading. As the Plaintiffs have failed to accord him that opportunity, their Complaint against him must be dismissed.[1]

In addition to these grounds for dismissal, as he did in his initial motion, Ruby incorporates all grounds for dismissal asserted by other Defendants, which are, particularly as to the Lubin

---

[1] To the extent that Plaintiffs also seek to advance their position against Ruby through factual allegations asserted only in their response, which are not made in specific, targeted allegations in the Complaint, those factual allegations should be disregarded. See *Rhoads v. Guilford Cnty., N.C.*, 751 F. Supp. 3d 590, 607 n.14 (M.D. N.C. 2024) (stating that it is "axiomatic . . . that a plaintiff may not amend his complaint in his response brief").

3

Defendants, equally applicable to him for all the reasons stated in the motion. Moreover, Ruby's unique position in this case makes certain grounds for dismissal advanced by Lubin even more compelling. No one disputes, for instance, that Ruby left Lubin's employ in 2019; much of Plaintiffs' statute of limitations argument rests on supposed concealments that extended into 2024-2025. (*See* DE 55 at 6.) But Plaintiffs have nothing to suggest that Ruby was in any way involved with this alleged concealment, which they extend to six years after Ruby stopped working for Lubin. It is not enough to claim—generally—that these causes of action were concealed thereby tolling the statute of limitations; Plaintiffs must show—to advance these claims against Ruby—that Ruby himself engaged in misconduct that tolls the statute of limitations. *Pro Slab, Inc. v. Argos USA, LLC*, 2021 U.S. Dist. LEXIS 256363, *15-16 (D. S.C. March 24, 2021) ("Likewise, Baird asserts that the last act he allegedly committed occurred in February 2012. Because Cook and Baird are the parties pleading the statute of limitations, Plaintiffs must demonstrate *that Cook and Baird* concealed facts that are the basis of a claim. In other words, Plaintiffs must point to affirmative acts of fraudulent concealment by these Defendants (and not by any other Defendants), and Plaintiffs must set forth those facts with the degree of particularity required by Federal Rule of Civil Procedure 9(b).") (emphasis in original).

Not only have Plaintiffs failed to offer anything to suggest that Ruby specifically engaged in conduct to conceal potentially timely claims, what they have put before the Court points squarely in the other direction, as they plead Ruby left Lubin's employ in 2019 and provide nothing to suggest that Ruby subsequently had any interaction with the Plaintiffs.

As to the myriad other general issues raised throughout the parties' briefing regarding waiver, recission, breach of fiduciary duty, conspiracy, VCPA, and accounting, those issues have now been thoroughly briefed and Ruby does not need to add to that record, given nothing new on

those points is advanced in Plaintiffs' response to Ruby's motion. Ruby generally relies on and incorporates the arguments of the other Defendants as to those issues as well as the arguments advanced in Ruby's motion. But it is important to note that as to all these issues Plaintiffs fail to make specific, plausible allegations as to Defendant Ruby, because they barely make any specific allegations against Ruby at all. Plaintiffs are not allowed to amend their pleading through a response brief, nor are they allowed to point to exhibits when the Complaint itself is insufficient. Before the Court is a Complaint that makes no specific allegations of wrongdoing against Defendant Ruby; while there are myriad problems with the claims Plaintiffs have raised against all Defendants, the grossly insufficient pleading as to Defendant Ruby makes granting his motion a simple call.

      Therefore, for all the reasons stated herein, in Defendant Ruby's motion and supporting memorandum of law, and in the Lubin Defendants' Motion, Memorandum of Law, and reply, which are fully incorporated herein, Defendant Ruby respectfully requests that the Court dismiss the claims asserted against him in the Plaintiffs' Complaint.

Dated: October 29, 2025                                 Respectfully submitted

                                                  /s/ *Christian B. Hecht*
Morgan R. Pankow (VSB No. 90964)
Christian B. Hecht (VSB No. 98220)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Tele: (703) 720-8600
Fax: (703) 720-8610
morgan.pankow@hklaw.com
christian.hecht@hklaw.com

Andrew Warth (*pro hac vice*)
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
drew.warth@hklaw.com

*Counsel for Defendant Paul Ruby*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this October 29, 2025.

                                                                    /s/ *Christian B. Hecht*
                                                     Christian B. Hecht (VSB No. 98220)